PER CURIAM.
There are many gaps in the procedural fence of this appeal which was set to be orally heard on all pending matters at 9 :30' a. m. on Thursday, October 28, 1965, in the Courthouse at Jacksonville, Duval County,. Florida, in which city appellant’s attorney,. Ernest D. Jackson, Sr., maintains his office.
On the morning of October 28 this court received a telegraphic night letter dispatched the previous night from Miami, Florida, in which appellant’s attorney advised that he was engaged in a federal court case pending in that city, that it had been submitted to a jury for verdict, that he had no co-counsel to receive the verdict when rendered, and that it was therefore not possible for him to appear for the hearing scheduled before this court. He further advised that he rested appellant’s cause on the main brief, which as will be seen had been belatedly filed herein. Counsel' for appellee appeared at the hearing and were permitted to argue said matters consisting of (1) appellant’s motion filed September 20, 1965, to extend to October 4, 1965, the time for filing the main brief, to which appellee filed objections, (2) ap-pellee’s motion to dismiss the appeal, and (3) the merits of the appeal.
On October 12, 1965, this court was advised by the clerk of the trial court that the record on appeal was ready to be transmitted but that appellant had not paid the clerk’s fees and charges for same, and it has not as yet been filed. This fact alone warrants our summary dismissal of the appeal ex mero motu. Moreover, a casual inspection of appellant’s brief in the light of appellee’s motion to dismiss the appeal reveals that there is no merit whatever to-the sole point of law relied on for reversal, and so we might with equal propriety enter a per curiam affirmance without opinion of the judgment appealed. We are inclined, however, to discuss in greater detail the circumstances upon which we have disposed of this appeal which has proceeded as follows:
*189 April 14, 1965— Appellant filed notice of appeal to review a final judgment for appellee.
June 14, 1965— The trial court granted appellant’s request to be allowed fifteen days from May 24, 1965, that is, until June 8, 1965 (sic), in which to file the reporter’s transcribed notes, and on June 17, 1965, the trial court denied appellant’s motion dated June 14, 1965, for a further extension of the time in which to file same.
June 25, 1965— The clerk of the trial court certified that appellant had failed to file the reporter’s transcribed notes by the date fixed, and on the same date appellee moved this court to dismiss the appeal for appellant’s failure to file same. On the same date appellant moved this court for a 30-day extension to file same and appellee filed objections thereto. In support of said motion appellant filed an affidavit of the court reporter that her official duties prevented her from preparing the transcribed notes within the time permitted. On June 30, 1965, the reporter requested a further extension of time in which to prepare same.
July 7, 1965 — - This court granted appellant a 30-day extension in which to file the transcribed notes. Thus the notes were due to be filed August 7, 1965, and appellant’s main brief August 7, 1965.
August 11, 1965— Appellee again moved this court to dismiss the appeal for failure of appellant to comply with the order of July 7, which motion was denied on September 8, 1965.
September 20, 1965-Appellant moved this court to extend time for filing the main brief herein “because of the tight schedule of his attorney, who is already obligated to make appearances before Trial Courts and Commissions as already scheduled.”
September 21, 1965 — — Appellee filed objections to appellant’s motion-on the substantial ground that the brief was-overdue.
October 4, 1965— Appellant filed his main brief and an appendix thereto. Attention is again invited to the fact that the record on appeal has not yet been filed, presumably because the clerk of the lower court has not been paid his fees by appellant.
October 22, 1965— Appellee filed its brief and on the same date moved to strike appellant’s brief and dismiss-the appeal on the ground that appellant had abandoned all assignments of error except those dealing with the failure of the trial court to-admit in evidence a complaint in a prior suit involving the same parties, which complaint was not offered in evidence by appellant. We treat the motion as a motion to quash the appeal because it is frivolous in nature.
*190 The motion to dismiss filed September 21, 1965, to which appellant has made no response, recites that appellant has not served on appellee the court reporter’s transcribed notes herein, but instead has furnished appellee with notes typed in the office of counsel for appellant and bearing no certificate of the court reporter as to their correctness or completeness; further, that a purported copy of the record on appeal served upon appellee consists in the main of thermofax copies of various pleadings prepared in the office of appellant’s attorney and bears no certification by the clerk of the trial court as to its correctness or completeness.
We are frequently impelled, out of solicitude for the party litigant, to indulge the failure of his attorney to meet time schedules as fixed by the rules of appellate procedure. It must be understood, however, that where counsel neglects to perform his duty to this court because of some engagement in some other tribunal or because of his presence at some other place in pursuit of some other undertaking on behalf of some person other than the party for whom he appears as counsel on an appeal pending in this court, and where he has not made a timely showing of good cause and applied for relief, we will not be inclined to indulge the practices here displayed, which all too plainly smack of dilatory tactics.
An attorney so overwhelmed as counsel for appellant represents himself to be with the affairs of his profession owes each of his clients the duty to so marshal his extraordinarily valuable time as to take care of the business entrusted to him. We are persuaded that an attorney capable of prosecuting an appeal is also capable of arranging the demands on his time in such manner as to meet the exigencies of the appeal.
In an abundance of caution we have inspected all papers filed in this court, including the brief filed on behalf of the appellant, to the end that there be no miscarriage of justice herein, and we find no merit to appellant’s assignment of error or argument addressed thereto.
In view of the above, we treat ap-pellee’s motion to dismiss as a motion to quash the appeal and thereupon hold that this appeal is frivolous. Accordingly, it is hereby dismissed.
RAWLS, C. J., and STURGIS and JOHNSON, JJ., concur.